JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 17 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 772

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE INCEPTS, INC., 1nTIME LICENSE LITIGATION

TRANSFER ORDER

Before the Panel are motions, pursuant to 28 U.S.C. §1407, affecting i) the three actions listed on the attached Schedule A and pending, respectively, in the District of Massachusetts, the Middle District of North Carolina and the Northern District of Texas,[1] and ii) the adversary proceeding listed on Schedule A and pending in the bankruptcy court for the Northern District of Texas. State Mutual Life Assurance Company of America (the plaintiff in the Massachusetts action and a defendant in the Texas adversary proceeding) moves for Section 1407 centralization of the adversary proceeding and the Massachusetts, North Carolina and Texas district court actions in the Northern District of Texas. The Continuum Company, Inc. (Continuum) (plaintiff in the adversary proceeding and defendant in the three district court actions) cross-moves for Section 1407 centralization of only the Massachusetts, North Carolina and Texas district court actions in the Northern District of Texas. Insurance company plaintiffs in the remaining two district court actions (one of which is also a defendant in the Texas adversary proceeding) oppose transfer. In the event that the Panel nevertheless concludes that Section 1407 centralization is warranted in this docket, the plaintiff in the Texas district court action favors selection of the Eastern District of Virginia as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Northern District of Texas will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The three district court actions and the adversary proceeding all share allegations concerning a conspiracy by the insurance company parties and others to misappropriate Continuum trade secrets in a computer software program used in the insurance industry. Additionally, the three district court actions are all declaratory judgment actions seeking declarations regarding the rights and responsibilities under similar software license agreements entered into between Continuum and the respective plaintiffs. Centralization

---

[1]   The Texas action, <u>The Life Insurance Company of Virginia v. The Continuum Co.</u>, was orginally brought in the Eastern District of Virginia. On August 10, 1988, the Virginia court transferred the action to the Northern District of Texas under 28 U.S.C. §1404(a).

under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary. Inasmuch as i) the Panel has determined to centralize this litigation in the district where the adversary proceeding is already pending, and ii) there are presently pending in the adversary proceeding motions that may affect its status in the bankruptcy court (a motion to withdraw reference to bankruptcy and a motion to remand the adversary proceeding to Texas state court), the Panel will leave to the discretion of the transferee court the determination of the extent of any coordination between the centralized district court actions and the adversary proceeding.

We are persuaded that the Northern District of Texas is the appropriate transferee forum for this docket. We note that i) both common party Continuum and a now bankrupt competing software company with which the insurance company parties allegedly conspired have their principal places of business in Texas; and ii) related matters involving the bankrupt competitor are pending in bankruptcy court for the Northern District of Texas.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.§1407, the actions listed on the attached Schedule A and pending in districts other than the Northern District of Texas be, and the same hereby are, transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Robert B. Maloney for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-772 -- In re Concepts, Inc., inTime License Litigation

### District of Massachusetts

State Mutual Life Assurance Co. of America v. The Continuum Co., Inc., C.A. No. 88-0025-XX

### Middle District of North Carolina

Jefferson-Pilot Life Insurance Co. v. The Continuum Co., Inc., (Texas Corp.), et al., C.A. No. 88-190-A

### Northern District of Texas

The Continuum Co., Inc. v. The Life Insurance Co. of Virginia, et al., Advy. No. 388-3283

The Life Insurance Co. of Virginia v. The Continuum Co., C.A. No. CA3-88-1896-T